NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BIENVENIDO CASILLA, | : | **Hon. Freda L. Wolfson** |
| Petitioner, | : | Civil No. 08-3546 (FLW) |
| v. | : |  |
| MICHELLE R. RICCI, et al., | : | **O P I N I O N** |
| Respondents. | : |  |

**APPEARANCES**:

    BIENVENIDO CASILLA, #355308C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

    FRANK J. DUCOAT, Deputy Attorney General
    ANNE MILGRAM, ATTORNEY GENERAL OF NEW JERSEY
    Division of Criminal Justice, Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey  08625
    Attorneys for Respondents

**WOLFSON**, District Judge

    Bienvenido Casilla filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  In an Order and Opinion entered December 10, 2009, this Court dismissed the Petition with prejudice and denied a certificate of appealability.  Presently before the Court is Petitioner's motion to extend the time to file a notice of appeal.  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion.  See Fed. R. App. P. 4(a)(5).

## I.  BACKGROUND

Petitioner asserts the following relevant facts in support of his motion to extend the time to file a notice of appeal:

> []During the proceedings before the District Court, I was assigned a paralegal from the prison's Inmate Legal Association.  That ILA Paralegal had drafted my petition for a writ of habeas corpus and greatly assisted me with it's [sic] filing with the Clerk.
>
> []It was sometime after December 10, 2009, when I received the District Court's opinion denying my petition for a writ of habeas corpus, that I sent numerous letters to the ILA Paralegal, requesting th[at] he schedule me for a visit pass to the ILA organization's law offices.  Those requests went unanswered.
>
> []Considering that my requests for a visit pass went unanswered, I sought to obtain a pass to the prison's law library and when there, make every attempt to speak to the ILA Paralegal through a translator.  Unfortunately, when on a legal pass to the Law Library, I learned that the ILA Paralegal had been transferred to another prison.  Inquiring as to whether anyone else from the ILA organization would assist me further, I was informed that a Law Library paralegal was willing to help me in this litigation.
>
> []One James Smith, Law Library Paralegal, agreed to assist me on February 18, 2010.  Mr. Smith has prepared the instant submission and I have been advised through a translator what the submission is urging.  Having been so advised, I executed my signature to the documents prepared.
>
> []Accordingly, Petitioner does not have a history of delaying this litigation, nor has he engaged in the needless expenditure of precious judicial resources by pursuing dilatory tactics.  Nor has Petitioner attempted to file wholly frivolous papers, whether they be in the State courts or this federal court.

(Docket entry #17 at pp. 8-9.)

## II.  DISCUSSION

Section 2107(a) of Title 28 of the United States Code establishes the time limit for filing a notice of appeal in a civil case:  "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."  28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").[1]  This 30-day time limit is jurisdictional to the appeal.  See Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Scarlata, 214 F. 3d 807, 808 (3d Cir. 1954).  "The purpose of the rule is clear:  It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has ben made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands.  Any other construction of the statute would defeat its purpose'"  Browder, 434 U.S. at 264 (quoting Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415 (1943)).

Section 2107(c) permits the district court to extend the time for appeal upon a showing of excusable neglect or good cause, where appellant files a motion not later than 30 days after the expiration of the time for appeal.  See 28 U.S.C. § 2107(c).  Accordingly, Rule 4(a)(5) permits the district court to extend the time if the following two conditions are met:

>   (i) a party so moves no later than 30 days after the time prescribed
>   by this Rule 4(a) expires; and

---

[1] Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."  Fed. R. Civ. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

3

>           (ii) regardless of whether its motion is filed before or during the 30
>           days after the time prescribed by this 4(a) expires, that party shows
>           excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). Thus, this Court may grant Petitioner's motion only if he filed his motion for an extension no later than 30 days after the expiration of the time originally prescribed by Rule 4(a), see <u>IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.</u>, 788 F.2d 118, 122 n.2 (3d Cir. 1986), and he shows either excusable neglect or good cause, <u>In re: Diet Drugs Products Liability Litigation</u>, 401 F.3d 143, 154 (3d Cir. 2005).[2]

As to the time requirement, the Order which Petitioner seeks to appeal was entered on December 10, 2009. See Fed. R. Civ. P. 4(a)(7)(A)(ii). The time for Petitioner to file a timely notice of appeal under Rule 4(a)(1)(A) expired 31 days later on Monday, January 11, 2010. The time to file a timely motion to extend the time expired 31 days later on February 11, 2010, which is not a Saturday, Sunday or court holiday. According to the declaration of service filed with Petitioner's motion, Petitioner handed the motion to prison officials for mailing, with postage prepaid, on February 22, 2010. (Docket entry #17-1 at p. 1.) The time between December 11, 2009, and February 22, 2010, is 73 days. Because timely filing is jurisdictional and Petitioner did not hand the motion to officials for mailing within the 60-day period prescribed by statute and Appellate Rule 4, this Court lacks the power to extend the time to file a notice of appeal and will deny the motion.[3]

---

[2] See also <u>Reed v. People of State of Mich.</u>, 398 F. 2d 800, 801 (6th Cir. 1968) ("A District Court may extend the time for filing a notice of appeal only to the extent and under the conditions prescribed by Rule [4]").

[3] Petitioner does not claim untimely receipt of notice of the entry of the Order entered on December 10, 2009.

4

## IV.  CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion to extend the time to file a notice of appeal.

An appropriate Order accompanies this Opinion.

                                      s/Freda L. Wolfson
                                      **FREDA L. WOLFSON, U.S.D.J.**

DATED:  March 5 , 2010